UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DYNASTY INVESTMENTS, LLC,                      )
                                               )
    Plaintiff,                                 )
                                               )
vs.                                            )        No. 1:19-CV-7764
                                               )
JANUSZ FILLMAN, MAGDALENA FILLMAN,             )
HOLLAND, LLC, and JF FREIGHT COMPANY           )
INC.                                           )
                                               )
    Defendants.                                )

**COMPLAINT**

NOW COMES the Plaintiff, Dynasty Investments, LLC, by and through its attorney,

The Law Office of Michael J. Young, and complains of Defendants, Janusz Fillman,

Magdalena Fillman, Holland, LLC, and JF Freight Company and alleges as follows:

**INTRODUCTION**

1.    This is an action seeking to recover damages for fraud, consumer fraud and deceptive

    business practices, and breach of contract, based upon the defendants' failure to disclose

    pending violations against real property sold by defendants to plaintiff, and failure to pay

    holdover rent after refusing to surrender possession of the property as agreed.

**PARTIES**

2.    Plaintiff, Dynasty Investments, LLC ("Dynasty" is an Illinois corporation, in the

    business of remodeling, repairing and construction residential buildings, with its principal

1

place of business in South Holland, Cook County, Illinois.

3.    Defendant Janusz Fillman is an individual, manager and owner of Holland, LLC and a resident of New Buffalo, Michigan.

4.    Defendant Magdalena Fillman is a corporate officer of Holland, LLC and a resident of New Buffalo, Michigan.

5.    Defendant JF Freight Company Inc. is a company that was owned and operated by Janusz and Magdalena Fillman.

6.    Defendant Holland, LLC ("Holland) is a lapsed Illinois limited liability company managed and owned by Janusz Fillman and Magdalena Fillman.

## BACKGROUND

7.    Dynasty is in the business of operating a transportation company and terminal.

8.    Holland owned a certain parcel of real property commonly known as 310 W. 162nd Street, South Holland, Illinois (the "property") where it was engaged in the transportation and terminal operation business.

9.    In 2014 the city of South Holland notified Fillman, Holland and JF Freight Company, Inc. that the property was not in compliance with the ordinance of the Village of South Holland.

10.    JF Freight Company is a transportation company owned and operated by Janusz Fillman and his wife Magdalena Fillman, and operated from the property.

11.    Among other things the Fillmans and Holland were advised that the city of South Holland required the property to be graded and drained, a detention basin installed, a fire sprinkler system to be installed and permits obtained for work that had previously performed.

12.     Fillmans personally represented to the City of South Holland that contractors were retained and they were working to bring property into compliance with applicable codes and requested additional time to do so.

13.     Rather than bring the property into compliance the Defendants determined to sell the property.

14.     As late as January 2018, the City of South Holland notified the Fillmans personally that the property was still not in compliance with code and that waste was illegally stored on the property.

15.     On November 29, 2017, Dynasty and Holland entered into a contract for the sale/purchase of the property at a gross sales price of $1,030,000.00.

16.     During the contract negotiations the Fillmans and Holland represented that they were not aware of any code violations.

17.     On January 30, 2018, Dynasty and Holland closed (the "closing") on the purchase of the property.

18.     At the closing, Holland delivered to Dynasty an Affidavit of Title, and states in relevant part:

> "...there exists no liens, suits, proceedings, judgments or decrees of any nature whatsoever adversely affecting the tile to the premises or the right, title, or interest of any party therein that will survive the closing."

19.     The representations of Holland and Fillman during the negotiations and at the closing, as aforesaid were material to the closing.

20.     On January 30, 2018, at the closing, it was agreed that Holland could retain possession of the property after the closing and pay Dynasty $277.80 per day for each day of possession until February 28, 2018, after which per diem would increase to $416.70.

3

21.    To ensure surrender of possession of the property, the parties entered into a post closing possession agreement (the "Possession agreement").  A true and correct copy of the possession Agreement is attached hereto as "Exhibit B."

## JURISDICTION AND VENUE

22.    Jurisdiction is proper in the State of Illinois by virtue of 735 ILCS 5/2-209(a)(1), and (7), (b)(4) and (c); the transaction of any business within this state and the making or performance of any contract or promise substantially connected with this State.

23.    Venue is proper in Cook County under 735 ILCS 5/2-101 (1), (2), is the County in which the transactions at issue, or at least some part thereof, arose.

24.    This action is properly brought in the Federal District Court under diversity of jurisdiction as the amount in controversy exceeds $75,000.00 and the Plaintiff is located in the State of Illinois and the Defendants are located in the State of Michigan.

## COUNT I
## BREACH OF CONTRACT

25.    Plaintiff adopt and realleges paragraphs 1 through 24 above, as and for paragraph 25 as if fully set forth herein.

26.    Holland breached the Possession Agreement by failing to pay Dynasty the per diem as agreed.

27.    Holland did not vacate the property and surrender possession of the property to Dynasty until March 27, 2018.

4

28.     As a direct and proximate cause of defendants breach of the possession agreement,

Dynasty has been deprived of the use and benefit of the property and suffered damages.

WHEREFORE, Plaintiff Dynasty Investments Group, LLC pray this honorable Court enter

judgment in its favor and against Defendants in an amount of $9,307.10, and for such other and

further relief as the Court deems equitable and just.


## COUNT II
## FRAUD

29.     Plaintiff adopt and realleges paragraphs 1 through 28 above, as and for paragraph 28, as if

fully set forth herein.

30.     As described above, Fillmans and Holland promised, represented and assured Dynasty

that there were no pending code, violations against the property, and no proceedings that

would effect Dynasty's right, title and interest to the property.

31.     These representations were material to Dynasty in both entering into a contract to

Purchase the Property and material to Dynasty agreeing to the purchase price for the

Property and closing on the Purchase of the Property.

32.     Fillmans and Holland knew that these representations were false and knew that if they

disclosed the truth Dynasty would not enter into a contract to purchase the Property,

agree to the purchase price or close on the purchase if Fillman and Holland told the truth

about the code violations.

33.     These statements, promises and representations made by Fillmans and Holland were

made to induce Dynasty to enter into a contract to Purchase the property agree to the

purchase price and close on the purchase of the Property.

5

34.    Dynasty had no reason to believe these statements were false and it was commercially reasonable to trust that Fillman and Holland and it was the formal business practice in the industry to accept affidavits of title and representations made in sales contracts.

35.    Dynasty is required to expend hundreds of thousands of dollars to bring the property into compliance with the City of South Holland ordinances.

36.    As direct and proximate result of the fraudulent statements of Fillmans and Holland, Dynasty has been damaged.

WHEREFORE. Plaintiff, Dynasty Investments Group, LLC, pray this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $75,000.00, and such other and further relief as the Court deems equitable and just.

## COUNT III
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE

37.    Plaintiffs adopt and realleges paragraphs 1 through 36 above, as and for paragraph 36, as if fully set forth herein.

38.    At all times relevant hereto there existed in the state of Illinois that certain statute known a the Illinois Consumer Fraud and deceptive practices Act 814 ILCS 505/1 et seq (the "act").

39.    At all times relevant the Defendants were engaged in trade or commerce as those terms are defined by the act.

6

40.    Section 2 of the act provides:

> Sec. 2 Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise. misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform deceptive Trade Practices Act", approved august 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the Federal courts relating to Section 5(a) of the Federal Trade Commission Act.

41.    The defendants made false and deceptive promises and misrepresented to Dynasty that there were no proceedings against the property and no pending ordinance violations, all as more specifically described above.

42.    The Defendants concealed from Dynasty that they were aware of existing ordinance violations and proceedings to enforce the code of ordinances of the City of South Holland.

43.    The Defendants made representations, and concealed their knowledge of code violations, intending that Dynasty would rely on the false representations, statements and promises as aforesaid, all in order to induce Dynasty to enter into a contract to purchase the Property, pay the purchase price and close on the purchase of the property.

44.    Dynasty is required to expend hundreds of thousands of dollars in order to make the property code complaint.

45.    Failure of Dynasty to make the Property code complaint jeopardizes its business license and as such Dynasty has no option to expend the funds to bring the Property up to code.

46.    Dynasty did rely upon the false promises, representations and statements of Holland.

47.    Had Dynasty known of the code violations it would never have entered into a contract to purchase the Property, or would not have agreed to the purchase price and would not have closed on the purchase of the property.

48.    As a direct and proximate result of the false promises and representations and concealments of Holland and Fillman, Dynasty has suffered damages.

49.    Section 10a of the Act provides for award costs and reasonable attorney fees.

50.    Dynasty has incurred costs and fees in bringing this action and will continue to incur costs and fees as a result of the fraud of Holland and Fillman.

WHEREFORE, Plaintiff Dynasty Investments Group, LLC pays this Honorable Court enter judgment in its favor against Defendants in an amount in excess of $75,000.00 and for such other and further relief as the Court deems equitable and just.

Respectfully Submitted,

November 25, 2019

Michael J. Young (#32510)
Law Office of Michael J Young
9842 Roosevelt Road
Westchester, Illinois 60154
(708) 410-0090
Esqmichaelyoung@yahoo.com

8